**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CR-67-TLS |
| | ) | |
| MARKQUIEL DERRICK, | ) | |

## OPINION AND ORDER

The Defendant, Markquiel Derrick, has pled guilty to violating 18 U.S.C. § 922(g)(1) because he possessed a firearm, having already been convicted of a felony. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The Defendant objects to the PSR's designation of his 2011 conviction under Indiana Code § 35-42-2-9 as a crime of violence under the United States Sentencing Guidelines, § 2K2.1(a)(4). [*See* ECF No. 39.] If the Court determines that the strangulation conviction is a crime of violence, then the base offense level should be 20. If the Court determines that it is not, then the base offense level starts at 14.

The base offense level for a violation of 18 U.S.C. § 922(g)(1) is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The definition of a crime of violence for purposes of § 2K2.1 is found "in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2 (Definitions of Terms Used in Section 4B1.1)." *Id.* § 2K2.1, Application Note 1. Accordingly, a crime of violence is an offense punishable by imprisonment for at least one year that "has as an element the use, attempted use, or threatening use of physical force against the person of another." *Id.* § 4B1.2(a)(1).[1]

_____

[1] Subsection (a)(2) enumerates certain offenses that are considered crimes of violence, but strangulation is not one of the enumerated crimes.

The categorical approach is the primary method for considering whether a previous conviction qualifies as a predicate crime of violence. *See Descamps v. United States*, 570 U.S. —, 133 S. Ct. 2276, 2281 (2013); *United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011). The sentencing court "looks at the elements of the statute of conviction to determine if it has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (quotation marks omitted). In a select few cases the application of the modified categorical approach is appropriate. When a statute is "divisible," meaning that it sets out one or more elements of the offense in the alternative, a sentencing court may look beyond the statute and the conviction. *Descamps*, 133 S. Ct. at 2284. In those cases, a court may look to the so-called *Shepard* documents—indictments, jury instructions, and plea hearing transcripts—to determine which of the various elements of the statute formed the basis for the conviction. *Id.*; *Shepard v. United States*, 544 U.S. 13, 17 (2005); *Yang*, 799 F.3d at 753. Once that is done, the categorical approach is again employed to determine whether those elements satisfy the force clause. *Yang*, 799 F.3d at 753.; *see also Mathis v. United States*, 136 S. Ct. 2243 (2016).

In this case, the parties both argue that the categorical approach applies. Under Indiana law, the statutory elements provide that:

> (b) A person who, in a rude, angry, or insolent manner, knowingly or intentionally:
>
>> (1) applies pressure to the throat or neck of another person; or
>>
>> (2) obstructs the nose or mouth of the another person;
>
> in a manner that impedes the normal breathing or the blood circulation of the other person commits strangulation, a [Class D] felony.

Ind. Code § 35-42-2-9(b).[1] The Court agrees that this is a statute to which the categorical approach applies. There are two subsections that delineate different areas of the person—the "throat or neck" versus "the nose or mouth"—but those are only different factual scenarios for committing the crime of strangulation, not elements in the alternative. *See United States v. Parrow*, 844 F.3d 801, 803 (8th Cir. 2016) (holding the same under analogous Iowa strangulation statute); *see also Mathis*, 136 S. Ct. at 2249 ("[T]hat kind of list merely specifies diverse means of satisfying a single element of a single crime."). Accordingly, the Court may only consider the elements of the statute of conviction to determine whether knowingly or intentionally impeding the normal breathing or the blood circulation of another person in a rude, angry, or insolent manner "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Yang*, 799 F.3d at 752.

"Physical force" is "force capable of causing physical pain or injury to another person." *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (defining a similar term in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i) (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003))). A slap in the face is sufficient to inflict pain and qualify as violent physical force. *Id.* at 143. Although the Seventh Circuit has not had occasion to analyze the elements of Indiana strangulation, other circuits have held that similar state statutes involve the use of force.

For instance, the Eighth Circuit analyzed the Iowa Domestic Abuse-Strangulation statute, which "punishes domestic assaults 'committed by knowingly impeding the normal breathing or circulation of the blood of another by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person.'" *Parrow*, 844 F.3d at 803 (citing Iowa

---

[1] Effective July 1, 2014, this statute was amended, in relevant part, to designate this offense a "Level 6 felony," rather than a "Class D felony." Act of May 6, 2013, Pub. L. 158-2013, § 432, 2013 Ind. Acts 1155, 1416. The Court refers to the statute as it existed on the date of the Defendant's conviction.

Code § 708.2A(2)(d)). A conviction required "proof that the victim's breathing or blood circulation was impaired," which the Eight Circuit found required "the use of violent force." *Id.* ("The offense here 'includes the use of violent force as an element since it's impossible to cause bodily injury without using force capable of producing the result.'" (quoting *United States v. Castleman*, 134 S. Ct. 1405, 1416–17 (2014))).

Similarly, the Fifth Circuit held that the Texas Third-Degree-Felony-Family-Violence Assault by Strangulation statute was a crime of violence, which was "committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *United States v. Howell*, 838 F.3d 489, 502 (5th Cir. 2016) (citing Tex. Penal Code § 22.01(a)(1), (b)(2)(B)). Although a defendant could be convicted only for "reckless" conduct, the Fifth Circuit found it "difficult to conceive of how applying pressure to either a person's throat or neck . . . [or] blocking a person's nose or mouth," such that it impeded breathing or blood flow, "could not involve the use of physical force." *Id.* Whether a defendant acted intentionally, knowingly, or recklessly, he would have had to take "affirmative action" in order to either "block[] the person's nose or mouth" or "apply[] pressure to the person's throat or neck." *Id.*; *see also Blackeagle v. United States*, No. 3:16-CV-245, 2017 WL 442774, at *3–6 (D. Idaho Feb. 1, 2017) (holding that Idaho strangulation statute "fit[] the definition of employing violent force"); *United States v. Travis*, 149 F. Supp. 3d 596, 599 (E.D.N.C. 2016) (holding that "violent force requirement, . . . is easily met" by North Carolina assault by strangulation statute).

The Defendant argues that section 35-42-2-9(b) does not involve the use of violent force because it uses the word "pressure" instead of "force." (Def.'s Br. 2–3, ECF No. 39.) But the use

of the word "force" is not a prerequisite to finding that a statute has as an element "the use of force." Indeed, both the Fifth and Eighth Circuits found that the word "pressure" connoted force sufficient to find those respective strangulation statutes to be crimes of violence, *Howell*, 838 F.3d at 502; *Parrow*, 844 F.3d at 803, and so too does the Court here. The "pressure" in the statute must be applied to the throat or neck, and the "obstruction" must be applied to the "nose or mouth," and either must be sufficient to prevent the victim from breathing or to stop the victim's blood from circulating.

In his Reply [ECF No. 47], the Defendant offered two hypotheticals that the strangulation statute could "be accomplished without the use of 'violent force'":

> A karate, judo, or jiu-jitsu student could apply a hold to his instructor in an insolent manner, applying pressure to his instructor's throat impeding the normal breathing of the instructor. . . . Similarly, an angry grandmother could pinch her grandson's nose while inserting a tablespoon of cod liver oil to the child's mouth and thus impede the normal breathing or blood circulation of the grandchild.

(Reply 2, ECF No. 47.) Whether or not these hypotheticals constitute violent force, the Defendant misunderstands the categorical approach. The Court need not determine that "*every conceivable factual offense covered by a statute . . . necessarily present[s] a serious potential risk of injury before the offense can be deemed a violent felony.*" *James v. United States*, 550 U.S. 192, 208 (2007) (emphasis added) ("One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury.") "Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, *in the ordinary case*, presents a serious potential risk of injury to another." *Id.* (emphasis added). The Court has no doubt that the ordinary case of strangulation under Indiana law involves the use of violent force. *Cf. Douglas v. United States*, — F.3d —, 2017 WL 2413442, at *2–3 (7th Cir. June 5, 2017) (holding that Indiana battery has as an element violent force and rejecting defendant's "light

touch" hypotheticals because "Indiana's courts say that the force must be enough to exclude any possibility that the injuries occurred by accident or an unforeseeable intervening circumstance").

Also, the Defendant argues that strangulation is not a crime of violence because the section of the Indiana Code that enumerates "crimes of violence" does not include it, and those enumerated crimes within that section of the Indiana Code expressly use the term force. (*See* Def.'s Br. 3–6.) But these arguments misunderstand the law. The Supreme Court has expressly held that "it is a question of federal law, not state law," as to whether a statute includes the use of "physical force." *See Johnson*, 559 U.S. at 138 (noting that a federal court is "not bound by a state court's interpretation of a similar—or even identical—state statute"). Accordingly, where the Indiana legislature has placed section 35-42-2-9(b) in its statutory scheme, as well as the Indiana legislature's intent in drafting the provision, are merely persuasive factors. They do not control whether this Court finds that the elements of the strangulation statute qualify as a "crime of violence."

The Court concludes that, when someone impedes the normal breathing or blood circulation of another person, and does so (1) knowingly or intentionally and in a (2) rude, angry, or insolent manner, it involves, at a minimum, the threatened or attempted use of physical force. Because the Indiana statute criminalizing strangulation, either by applying pressure to the throat or neck, or by obstructing the nose or mouth, "has as an element the use, attempted use, or threatened use of physical force against another person" it is a crime of violence under U.S.S.G. § 2K2.1.

## CONCLUSION

For the reasons stated above, the Defendant's objection to the PSR is OVERRULED. Sentencing is CONFIRMED for July 27, 2017, at 1:30 PM.

SO ORDERED on June 27, 2017.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT