**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CR-67-TLS |
| | ) | |
| MARKQUIEL DERRICK | ) | |

**OPINION AND ORDER**

The Government charged Defendant, Markquiel Derrick, with a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [ECF No. 1]. The Defendant entered into a Plea Agreement [ECF No. 20] on November 7, 2016, and is now awaiting sentencing. A Final Presentence Investigation Report [PSR, ECF No. 32] ("PSR") along with an Addendum [ECF No. 33] was entered on February 24, 2017. A Revised Final Presentence Investigation Report [ECF No. 50] ("Revised PSR") along with a Second Addendum [ECF No. 51] was entered on July 3, 2017. The parties disagree as to whether the Defendant's prior conviction for Strangulation under Indiana law constitutes a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A), which would impact the Defendant's total offense level. The PSR set the base offense level at 20. The Defendant argues that his base offense level should be 14.

On May 24, 2017, the Government submitted its brief [ECF No. 46] maintaining that the Defendant's 2011 Indiana Strangulation conviction under Indiana Cod § 35-42-2-9(b) was a qualifying predicate crime of violence under U.S.S.G. § 2K2.1(a)(4)(A). On June 9, 2017, the Defendant filed his brief [ECF No. 47] in support of his objection to the PSR.

On June 27, 2017, the Court issued its Opinion and Order [ECF No. 48], overruling the Defendant's objection to the PSR, concluding that the Indiana Strangulation is a crime of

violence under § 2K2.1(a)(4)(A) because it has as an element the use, attempted use, or threated use of physical force.

On July 7, 2017, the Court held a telephonic sentencing status conference [ECF No. 53] and instructed the parties to review the Seventh Circuit's opinion in *United States v. Bennett*, 863 F.3d 679 (7th Cir. 2017), and to notify the Court regarding any resultant sentencing issues. The Defendant filed a Notice [ECF No. 54] on September 5, 2017, maintaining his objection that Indiana Strangulation is not a crime of violence under § 2K2.1(a)(4)(A). The Government filed a Response [ECF No. 55] on September 22, 2017, the Defendant filed a Reply [ECF No. 59] on November 14, 2017, and the Government filed a Surreply [ECF No. 60] on December 1, 2017. This issue is now fully briefed and ripe for review.

In *Bennett*, the Seventh Circuit reviewed the defendant's conviction under Indiana Code 35-44-3-3 (since changed to 35-44.1-3-1) for resisting law enforcement to determine if it was a violent felony for the purposes of 18 U.S.C. § 924(e). A "violent felony" for the purposes of § 924(e) is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Bennett*, 863 F.3d at 680 (citing 18 U.S.C. § 924(e)(2)(B)(i)). "Physical force" is "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). "But, 'inflict[ing] bodily injury on or otherwise caus[ing] bodily injury to another person,' as defined by Indiana courts, need not connote violence." *Bennett*, 863 F.3d at 681. (quoting *Whaley v. State*, 843 N.E.2d 1, 5, 10-11 (Ind. App. 2006)). In *Bennett*, the Seventh Circuit cited an example of conduct that would violate the statute at issue but would not require the use of physical force. Specifically, the crime of resisting law enforcement could be accomplished where an arrestee, by fiddling with his handcuffs, unintentionally caused a law enforcement officer to trip, causing injury. *Id.* at 681–82.

Therefore, under the categorical approach, resisting law enforcement under Indiana law did not constitute a crime of violence for the purposes of § 924(e).

The Government and the Defendant agree that the categorical approach to determining whether the Defendant's conviction is a crime of violence for the purposes of § 924(e) is the appropriate approach.

The Indiana strangulation statute provides in relevant part:

> A person who, in a rude, angry, or insolent manner, knowingly or intentionally:
> (1) applies pressure to the throat or neck of another person;
> (2) obstructs the nose or mouth of the another person; or
> (3) applies pressure to the torso of another person;
> In a manner that impedes the normal breathing or the blood circulation of the other person commits strangulation, a Level 6 felony.

I.C. § 35-42-2-9(c).

The Defendant offers no new, persuasive argument in light of *Bennett* that persuades the Court that Indiana Strangulation is not a crime of violence; he merely reiterates his previous objections to the PSR. The Defendant maintains that a person can impede the normal breathing or blood circulation of another person and do so knowingly or intentionally in a rude, angry, or insolent manner without necessarily involving the use of physical force. This is because, the Defendant argues, applying pressure in an insolent manner does not require violent force that is capable of causing physical pain or injury to the other person.

In determining whether an offense qualifies as a crime of violence under the ACCA, federal courts must look at how state courts have interpreted the relevant statute's language and then ask whether conviction of the offense and each of its elements necessarily requires the use of physical force. The Defendant argues that the language of § 35-42-2-9 would encompass situations such the placement of a bandage on an injured toddler, or the mild impediment of breathing of an adult who gives a child a piggy-back ride. Similar arguments were unavailing in

3

*Douglas v. United States*, 858 F.3d 1069 (7th Cir. 2017). In *Douglas*, the defendant argued that, under the Indiana battery statute, a person could be convicted of Class C felony battery by tickling somebody who, as a result, fell and struck his head. 858 F.3d at 1071. The Seventh Circuit noted that "[if] Indiana treated that situation, and similar ones, as Class C felonies, than [the defendant] would have a good point." *Id.* But, because the defendant was unable to identify any Indiana decision that convicted somebody of Class C felony battery under similar innocuous circumstances, the Seventh Circuit did not find his arguments persuasive. *Id.*

So too here. The Defendant has not identified any Indiana decisions penalizing behavior similar to the examples he cited under the Indiana Strangulation statute. *See Yates v. United States*, 842 F.3d 1051, 1053 (7th Cir. 2016) (affirming where prisoner was unable to identify any state decision that penalized "acts that caused neither pain nor injury" under the relevant statute); *United States v. Jennings*, 860 F.3d 450, 460 (7th Cir. 2017) (finding that "[t]he dispositive point against [the defendant's] argument . . . [was] that he [was] unable to cite any cases supporting his theory that" the type of conduct he cited would be prosecuted under the relevant statute in the state courts); *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017) (affirming where defendant "ha[d] not identified, and [the Court] ha[d] not found, any case in which [Indiana's] judiciary affirmed a . . . conviction that penalized acts inconsistent with the general offense"). This is not inconsistent with *Bennett*, where the Seventh Circuit cited to an Indiana decision that penalized non-violent behavior that nevertheless fell within the confines of the relevant statute. *See Bennett*, 863 F.3d at 681.

Accordingly, the Court affirms its Opinion and Order of June 27, 2017, which conforms with other federal courts' interpretation of nearly identical statutes, and finds that Indiana Strangulation is a crime of violence as it pertains to § 924(e).

## CONCLUSION

For the reasons stated above, the Court OVERRULES the Defendant's Objection to the PSR [ECF No. 54].

SO ORDERED on December 5, 2017.

                                              s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT